## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| ELEX MURPHY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:18-CV-30 RLW |
| | ) |
| BILL STANGE and ERIC SCHMITT, | ) |
| | ) |
| Respondents.¹ | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Elex Murphy's *pro se* Petition Under 28

U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1.) Petitioner

is currently incarcerated at the Southeast Correctional Center in the Missouri Department of

Corrections.

Petitioner was found guilty following a jury trial in the Circuit Court of the City of St.

Louis, State of Missouri, to one count of second-degree murder, one count of first-degree assault,

and two counts of armed criminal action. Petitioner was sentenced to life imprisonment on the

murder count and a consecutive term of twenty-five years on the assault count.

Because the Court determines that Petitioner's claims do not warrant habeas relief on their

face, it will deny the Petition without an evidentiary hearing.²

---

¹Bill Stange is now the Warden of Southeast Correctional Center where Petitioner is incarcerated.
Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the
petition must name as respondent the state officer who has custody." Therefore, Bill Stange's name will
be substituted as the named Respondent in this action pursuant to Rule 25(d), Fed. R. Civ. P. Missouri
Attorney General Eric Schmitt is a proper additional respondent in this action because Petitioner is also
challenging a future consecutive sentence.

²A district court may dismiss a habeas petitioner's motion without an evidentiary hearing if "(1)
the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations

## Factual Background

The Missouri Court of Appeals described the facts of Petitioner's criminal case as follows:

The evidence at trial, in the light most favorable to the verdict, was the following. On the morning of April 16, 2011, Yen Nguyen (Nguyen) and her husband, Hoang Nguyen (Victim), were walking home from a Vietnamese grocery store. Victim was 72 years old and Nguyen was 59 years old at the time. Victim and Nguyen were walking through an alley hand-in-hand, pulling a cart containing their groceries. Nguyen saw four people, two males and two females, walking toward them. Victim moved in front of Nguyen to make way for the four people to pass in the alley.

As the four people came closer, Defendant reached out and grabbed Victim's shirt. Defendant hit Victim in the head, and Victim fell to the ground. Nguyen began to scream, and Defendant came over to her and hit her in her right eye. Nguyen's glasses were knocked off of her face, and she was not able to see through her right eye. She tried to call for her husband to help her, but he was not responding. She went over to him to try and wake him, but he wasn't moving and had blood all over his face.

An ambulance arrived and took Victim first to the hospital. Nguyen followed in a second ambulance. Nguyen had a broken bone and received three stitches near her right eye. At some point, Nguyen was taken in a wheelchair to see her husband. He died shortly thereafter, while she was in the room with him. Victim had a three-inch bruise on the side of his head. The injury to his head caused his brain to swell, which created pressure on his skull and led to his death.

On April 17, 2011, Nguyen identified Defendant in a photographic lineup, administered by Detective Heather Sabin. Detective Sabin also arranged a live lineup two days later, but Nguyen was unable to participate because her glasses had not been repaired. Detective Sabin took a photograph of the men during the live lineup and later showed it to Nguyen. Nguyen also identified Defendant in this photograph. Detective Sabin noticed that Defendant's knuckles were swollen when he was there for the lineup.

After police arrested Defendant, he shared a jail cell for a period of time with a man named Mark Moore (Moore). Defendant introduced himself to Moore as "Knockout." Defendant asked Moore if he had heard about someone "getting knocked out" in South St. Louis, and Defendant told Moore "that was me." Defendant later told Moore that Defendant and his friends were hanging out by a laundromat near the scene of the attack, and his friends were making fun of him

---

cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006) (internal quotation marks omitted) (quoting Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003)).

because he had hit someone without knocking that person out. Defendant told his friends he was going to knock out the next person he saw. Defendant told Moore that the next people who walked by were an elderly couple pulling a grocery cart. Defendant said he hit the man and knocked him out, and the woman started screaming so he punched her too. Moore also testified about "the knockout game." He said that the game consisted of looking for someone to punch and trying to knock that person out with one punch.

State v. Murphy, 443 S.W.3d 721, 723-24 (Mo. Ct. App. 2014).

## **Procedural History**

As stated above, Petitioner was charged with murder in the second degree, first-degree assault, and two counts of armed criminal action. The jury found Petitioner guilty of murder in the second degree and armed criminal action against victim Mr. Hoang Nguyen, and of assault in the first degree and armed criminal action against Mrs. Yen Nguyen. The trial court sentenced Petitioner to life imprisonment for the second-degree murder conviction and 15 years concurrent for armed criminal action. The trial court sentenced Petitioner to concurrent terms of 25 years for assault and 12 years for armed criminal action on the remaining counts. Petitioner's life sentence for murder and 25 years for assault were to be served consecutively.

Petitioner filed a direct appeal of his judgment of conviction that raised two issues: (1) whether a hand or a fist can qualify as a "dangerous instrument" in support of a conviction for the unclassified felony of armed criminal action; and (2) trial court error in in denying his challenges to the State's peremptory strikes of African–American venirepersons as racially motivated under Batson v. Kentucky, 476 U.S. 79 (1986). The Missouri Court of Appeals affirmed in part and reversed in part. The Court of Appeals held the trial court did not clearly err in its determination of the Batson challenges, but vacated the armed criminal action convictions holding that because Petitioner hit the victims with his fists alone, he did not commit the attacks through the use of a

3

dangerous instrument. Murphy, 443 S.W.3d at 725; § 571.015.1[3] (Armed criminal action, defined, penalty); § 556.061(9) (defining "dangerous instrument").

Petitioner timely filed a *pro* se Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Missouri Supreme Court Rule 29.15 (ECF No. 8-11 at 7), and appointed counsel an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence and request for Evidentiary Hearing which was denied following an evidentiary hearing held on October 15, 2014. In the Amended Rule 29.15 motion, Petitioner raised six claims, four of which he also asserts on federal habeas review: (1) trial counsel was ineffective for failing to offer the lesser-included instruction for the offense of the class C felony of assault in the second degree; (2) trial counsel was ineffective for failing to object and for failing to request a mistrial after the prosecutor stated during closing argument that Petitioner cried during Mrs. Nguyen's testimony because "he knows he's responsible for the pain and suffering;" (3) appellate counsel was ineffective for failing to assert on direct appeal that the trial court erred in overruling Petitioner's motion for judgment of acquittal at the close of all evidence as to Count I, the murder charge, on the grounds the state failed to make a submissible case and there was insufficient evidence from which a reasonable jury could find Petitioner guilty of second-degree murder; and (4) appellate counsel was ineffective for failing to assert on direct appeal that the trial court erred in failing to instruct the jury on involuntary manslaughter in the second degree as requested by trial counsel. (ECF No. 8-11 at 20-55.)

The motion court held an evidentiary hearing and heard testimony from Petitioner's trial counsel and his appellate counsel. (Resp. Ex. 10, Tr. PCR Hr'g, ECF 8-10 at 56-68.) Petitioner's trial counsel testified she did not ask for the lesser-included offense instruction in light of the

---

[3]All statutory references are to the Missouri Revised Statutes (2013 Supp.).

4

evidence, because Petitioner intentionally struck both victims and the wife suffered a serious injury. The motion court stated whether to request a lesser-included offense instruction is a tactical decision, and where counsel makes an objectively reasonable decision not to request such an instruction there is no ineffective assistance of counsel. The motion court held trial counsel was not ineffective as her explanation for not requesting the lesser-included offense instruction was reasonable in light of the evidence that Petitioner intentionally struck both victims and the wife suffered a serious injury, as a person is guilty of assault first degree where he knowingly causes or attempts to cause serious physical injury to another person and, in contrast, is guilty of assault second degree where he acted recklessly, not knowingly.

Trial counsel testified she did not object to the prosecutor's statement in closing argument because she did not hear the statement and would have objected had she heard it. The motion court held Petitioner was not entitled to relief even though trial counsel did not object to the prosecutor's statement because the statement was prompted by movant's own conduct within the sight of the jury, and the court did not believe the statement had a decisive effect on the outcome of the case.

Appellate counsel testified he did not challenge on appeal the trial court's denial of the motion for judgment of acquittal on the murder charge because he did not believe such a claim would be successful. Counsel testified he did not think he could present a claim that Petitioner did not intend to kill or cause serious injury where he punched the husband in the head, believed such an intent was implied by the nature of the knockout game where Petitioner's aim was to knock the victim out with one punch, and thought a reasonable jury could find such an intent based on the disparity in size between the victim and Petitioner. The motion court held counsel was not ineffective for failing to raise this argument on appeal because the evidence was more than sufficient o support the jury's verdict of guilt as to second-degree murder.

5

Finally, appellate counsel testified he did not raise an issue on appeal regarding the trial court's refusal of an instruction on involuntary manslaughter second degree, which requires a mental state of criminal negligence, because the jury had been presented with the option of involuntary manslaughter first degree, which requires a mental state of recklessness. Counsel testified that case law indicates there is no reversible error where lesser included offense instructions other than the one at issue were given and the jury found the defendant guilty of a greater offense. The motion court held counsel was not ineffective for failing to raise this argument on appeal as the jury was given the opportunity to consider involuntary manslaughter first degree and chose instead to find Petitioner guilty of murder second degree, and under Missouri case law there could have been no prejudice to Petitioner.

The court denied Petitioner's motion for postconviction relief on December 4, 2015, and he appealed the denial. On March 7, 2017, the Missouri Court of Appeals affirmed the judgment of the motion court in an unpublished memorandum opinion. (Resp. Ex. 15, ECF No. 8-15.)

On February 1, 2018, Petitioner filed the instant petition for habeas relief in federal court. (ECF No. 1)  Respondent filed a response in opposition (ECF No. 8). Petitioner did not file a Traverse in support of his Petition and offers no legal argument or authority to support any of his claims.

## **Legal Standard**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). "[A] district court shall entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Further, a federal court may not grant habeas

6

relief unless the claim adjudicated on the merits in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." Owens, 198 F.3d at 681 (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a state court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-413 (2000). With regard to the "unreasonable application" clause, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413; see also Bucklew v. Luebbers, 436 F.3d 1010, 1016 (8th Cir. 2006); Rousan v. Roper, 436 F.3d 951, 956 (8th Cir. 2006). In other words, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

To preserve a claim for federal habeas review, a petitioner must present the claim to the state court and allow that court the opportunity to address petitioner's claim. Moore-El v. Luebbers, 446 F.3d 890, 896 (8th Cir. 2006). "Where a petitioner fails to follow applicable state procedural rules, any claims not properly raised before the state court are procedurally defaulted."

7

Id. A federal court will consider a defaulted habeas claim "only where the petitioner can establish either cause for the default and actual prejudice, or that the default will result in a fundamental miscarriage of justice." Id.

## Discussion

Petitioner identifies four grounds for this federal habeas petition. Respondent argues that the Missouri courts' decisions on these claims are entitled to deference under 28 U.S.C. § 2254(d), and must be left undisturbed as they are objectively reasonable.

## I. Ground One

Petitioner's first ground for habeas relief is that trial counsel provided ineffective assistance by failing to request a lesser included offense instruction on second-degree assault. (ECF No. 1 at 5.)

The Supreme Court set forth the standard governing ineffective assistance of counsel claims in Strickland v. Washington, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, a petitioner must show both that (1) his counsel's performance was deficient, or that it "fell below an objective standard of reasonableness," and also that (2) "the deficient performance prejudiced the defense." Id. at 687-88. Strickland provides a "highly deferential" standard to review ineffective assistance of counsel claims by having courts "apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689).

On federal habeas review, the Court does not determine whether Petitioner's counsel provided effective assistance, but instead "whether the state court's application of the Strickland standard was unreasonable." See Harrington, 562 U.S. at 101; see also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for

8

a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101. Instead, the Court must determine "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. at 105.

Petitioner raised this claim on appeal of the denial of his postconviction motion under Rule 29.15. In addressing it, the Missouri Court of Appeals first set forth the legal standard it applied to Petitioner's ineffective assistance of trial counsel claims:

In order to be entitled to relief on Movant's claims of ineffective assistance of counsel, Movant had to make two showings by a preponderance of the evidence: (1) that counsel's performance fell below the level of skill and diligence of a reasonably competent counsel in a similar situation, and (2) that Movant was prejudiced thereby. Johnson v. State, 388 S.W.3d 159, 163 (Mo. banc 2012) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)); see also Evans v. State, 70 S.W.3d 483, 485 (Mo. App. W.D. 2002) (test for ineffective assistance of appellate counsel is "essentially the same as that employed for trial counsel"). There is a strong presumption that Movant's counsel's performance was reasonable and effective. Id. If Movant fails to demonstrate either counsel's ineffective performance or prejudice, we need not consider the other. Smith v. State, 276 S.W.3d 314, 317 (Mo. App. E.D. 2008).

(Resp. Ex. 15, ECF No. 8-15 at 3.)

After explaining the legal standard it applied, the Missouri Court of Appeals analyzed this claim as follows:

To establish his claim of ineffective assistance of counsel for failure to request a lesser-included offense instruction, Movant had to show by a preponderance of the evidence that the evidence at trial would have required submission of a lesser-included offense instruction had counsel requested it, that counsel's decision not to request the instruction was not reasonable trial strategy, and that Movant was prejudiced by counsel's failure. Jackson v. State, 205 S.W.3d 282, 285 (Mo. App. E.D. 2006). Regarding whether the evidence at trial would have required submission of an instruction for second-degree assault had Movant's trial counsel requested it, the trial court is obligated to instruct the jury on a lesser-

9

included offense when there is a basis in the evidence for both acquitting the defendant of the charged offense and convicting the defendant of the lesser-included offense, and a party timely requests such an instruction. State v. Jackson, 433 S.W.3d 390, 396 (Mo. banc 2014) (discussing Section 556.046.3, RSMo. (Supp. 2001)).

Recently, the Missouri Supreme Court handed down State v. Jackson, holding that "the jury's right to disbelieve all or any part of the evidence and its right to refuse to draw needed inferences is a sufficient basis in the evidence–*by itself*–for a jury to conclude that the State has failed to prove the differential element." 433 S.W.3d at 399 (emphasis added). Thus, where a lesser-included offense is for a "nested" offense, such as where the differential element is the defendant's mental state, no additional evidence is needed because the jury could reject the State's evidence regarding the defendant's mental state. See State v. Randle, 465 S.W.3d 477, 479 (Mo. banc 2015) (applying Jackson). The Missouri Supreme Court noted that lesser-included instructions for nested offenses should be "nearly universal." Jackson, 433 S.W.3d at 399.

The issue here is that Movant's trial took place before the Missouri Supreme Court handed down Jackson. Movant argues that Jackson merely reaffirmed prior holdings and did not effect a change in the law. See Jackson, 433 S.W.3d at 399 (state court reaffirms holdings of State v. Williams, 313 S.W.3d 656 (Mo. banc 2010) and State v. Pond, 131 S.W.3d 792 (Mo. banc 2004), for proposition the jury's right to disbelieve evidence is sufficient basis to warrant lesser-included instruction.) Thus, Movant argues, had counsel request an instruction for second-degree assault, the trial court would have been obligated to give it.

However, the State points out that the Missouri Supreme Court at the same time acknowledged that prior holdings had not explicitly overruled an earlier case with the opposite holding, State v. Olson, 636 S.W.2d 318, 321 (Mo. 1982) (holding jury's right to disbelieve evidence is not sufficient to warrant giving lesser-included instruction). Jackson, 433 S.W.3d at 399. In fact, appellate courts declined to find error in a trial court's refusal to give a proffered lesser-included instruction where the differential element was whether the defendant's conduct was intentional or reckless when there was no evidence from which the jury could have drawn an inference of reckless conduct. See State v. Jefferson, 414 S.W.3d 82, 86-87 (Mo. App. E.D. 2013) (no basis in evidence to draw inference that defendant acted recklessly); State v. Knight, 355 S.W.3d 556, 559-60 (Mo. App. S.D. 2011) (no evidence of mental disease or defect negating defendant's knowing conduct, accordingly no evidence of reckless conduct); see also, e.g., State v. Pulley, 356 S.W.3d 187, 193-94 (Mo. App. E.D. 2011) (defendant not entitled to instruction for involuntary manslaughter where no evidence permitting jury to draw inference of reckless conduct rather than knowing conduct.)

Given the state of the case law and Movant's counsel's testimony at the evidentiary hearing, we cannot conclude that the motion court clearly erred in

denying Movant's claim that his counsel failed to exercise the skill and diligence of a reasonably competent attorney in similar circumstances. See Johnson, 388 S.W.3d at 163. There was no evidence from which the jury could have inferred Movant acted recklessly when the evidence established Movant purposely hit Mr. Nguyen in order to knock him out with one punch, and then turned and his Mrs. Nguyen in the face when she started screaming. Movant's trial counsel acted on the basis of the appellate holdings in effect at the time, and her performance is judged on that basis. See Denson v. State, 31 S.W.3d 166, 175-76 (Mo. App. WD. 2000) (failure to predict change in law is not ineffective assistance. Thus, Movant failed to demonstrate his trial counsel was ineffective in this respect. Point denied.

(Resp. Ex. 15, ECF No. 8-15 at 4-7.)

Upon review of the entire record, the Court concludes the Missouri Court of Appeals'

application of the Strickland standard to this claim of ineffective assistance was not unreasonable.

See Owens, 198 F.3d at 681; Harrington, 562 U.S. at 101. Consequently, the Court denies

Petitioner's first ground for habeas relief.

## 2. Ground Two

Petitioner's second ground for habeas relief is that trial counsel provided ineffective

assistance by failing to object to object and request a mistrial after the prosecutor stated during her

closing argument that Petitioner cried during Mrs. Nguyen's testimony because he knew he was

"responsible for the pain and suffering." (ECF No. 1 at 6.)

Petitioner raised this claim on appeal of the denial of his postconviction motion under Rule

29.15. The Missouri Court of Appeals addressed the claim as follows:

"Decisions about whether or when to make objections are left to the judgment of counsel." Helmig v. State, 42 S.W.3d 658, 678 (Mo. App. E.D. 2001). Even a failure to object to objectionable evidence will not render counsel ineffective "unless the evidence resulted in a substantial deprivation of the accused's right to a fair trial." Id. Movant must put forth evidence that he was deprived of a fair trial in order to be entitled to relief. Greer v. State, 406 S.W.3d 100, 104 (Mo. App. E.D. 2013). "Ineffective assistance of counsel is rarely found in cases where trial counsel has failed to object." Bradley v. State, 292 S.W.3d 561, 564 (Mo. App. E.D. 2009).

Here, in closing argument, the prosecutor made the following remarks:

> Probably noticed that [Movant] cried when Mrs. Nguyen testified, because you're looking at him and we're not even 20 feet apart. He should cry, he knows what he did. He knows he's responsible for the pain and suffering that he saw when she testified about being in the hospital with her dying husband. He knows exactly what he did.

> Movant argues this was improper argument, intended to inflame the jury and prejudice it against Movant. At the evidentiary hearing, Movant's counsel testified that she "missed" this argument, and had she heard it she would have objected and requested a mistrial. The motion court concluded that the prosecutor's statement regarding Movant's conduct, which had been within sight of the jury, did not have a decisive effect on the outcome of the case.

> The motion court did not clearly err in denying Movant relief on this claim. While Movant presented evidence that trial counsel's failure to object was not a strategic choice, he presented no evidence that this failure deprived him of a fair trial. Movant has not established the trial court would have granted a mistrial had counsel requested it. Further, because the prosecutor's comment here was directed to something the jurors had observed themselves in open court, and invited the jury to consider that it showed Movant's consciousness of guilt, this argument was not improper. See State v. Smith, 588 S.W.2d 27, 33 (Mo. App. E.D. 1979) (trial court did not err in denying defendant's motion for mistrial where prosecutor noted in closing argument that defendant buried his face in his hands during jury's viewing of videotaped statement). Movant failed to show by a preponderance of the evidence that his trial counsel was ineffective and that he was prejudiced in this respect. Point denied.

(Resp. Ex. 15, ECF No. 8-15 at 7-8.)

Upon review of the entire record, the Court concludes the Missouri Court of Appeals' application of the Strickland standard to this claim of ineffective assistance was not unreasonable. See Owens, 198 F.3d at 681; Harrington, 562 U.S. at 101. Consequently, the Court denies Petitioner's second ground for habeas relief.

## 3. Ground Three

Petitioner's third ground for habeas relief is that his appellate counsel was ineffective for failing to argue on direct appeal that the evidence was insufficient to support Petitioner's conviction for murder in the second degree. (ECF No. 1 at 8.) In addressing it, the Missouri Court

12

of Appeals first set forth the legal standard it applied to Petitioner's ineffective assistance of

appellate counsel claims:

> "To prevail on a claim of ineffective assistance of appellate counsel, a
> movant must establish that appellate counsel failed to raise a claim of error that was
> so obvious that a competent and effective attorney would have recognized and
> appealed the issue." Barnes v. State, 454 S.W.3d 396, 399 (Mo. App. E.D. 2015)
> (citing Tisius v. State, 183 S.W.3d 207, 215 (Mo. banc 2006)). The claimed error
> must be such that there is a reasonable probability that had the error been raised on
> appeal, it would have required reversal. Id.

The Missouri Court of Appeals then evaluated this claim as follows:

> Movant argues that his appellate counsel should have argued on appeal that
> the evidence was insufficient from which the jury could have found that Movant
> had the requisite mental state. "A person commits the crime of murder in the second
> degree if he . . . [k]nowingly causes the death of another person, or with the
> purposes of causing serious physical injury to another person, causes the death of
> another person." Section 565.021.1(1), RSMo. (2000). In considering the
> sufficiency of evidence on appeal, the appellate court "views the evidence in the
> light most favorable to the verdict and gives the State the benefit of all reasonable
> inferences therefrom." State v. Whalen, 49 S.W.3d 181, 184 (Mo. banc 2001).
> Movant's appellate counsel testified at the evidentiary hearing that he did not
> contest the sufficiency of the evidence for second-degree murder on appeal because
> he did not believe, given the standard of review, that he could "convincingly present
> a claim that no reasonable juror could have found" the elements of second-degree
> murder.

> The motion court concluded that the evidence at Movant's trial was
> sufficient to support his conviction for second-degree murder. There was evidence
> that Movant had told his friends he would knock out the next person to pass by
> which was Mr. Nguyen. Mr. Nguyen was 72 years old, five feet, five inches tall,
> and weighed 148 pounds. As Mr. and Mrs. Nguyen passed by Movant, Movant
> grabbed Mr. Nguyen's shirt and hit him in the head. Mr. Nguyen immediately fell
> to the ground. A defendant's mental state can be inferred from evidence of the
> defendant's conduct before, during, and after commission of the crime. State v.
> Holleran, 197 S.W.3d 603, 611 (Mo. App. E.D. 2006). Here, there was evidence
> that Movant intended to knock out the next person he saw, indicating that Movant
> would hit that person with significant force in order to knock the person out with
> one punch. Additionally, upon seeing the elderly Mr. Nguyen, Movant still chose
> to carry out that plan.

> Given all of this, there was sufficient evidence at trial from which the jury
> could infer that Movant hit Mr. Nguyen with the purpose of causing serious
> physical injury. Thus, had Movant's appellate counsel raised this issue on appeal,

13

there is no reasonable probability it would have required reversal. Barnes, 454 S.W.3d at 399. The motion court did not clearly err in denying Movant's motion in this respect. Point denied.

(Resp. Ex. 15, ECF No. 8-15 at 8-10.)

A State appellate court's conclusion that the evidence was sufficient to support a criminal conviction is entitled to great deference by a federal court. Jackson v. Virginia, 443 U.S. 307, 323 (1979). "[W]hether the record contains sufficient evidence to establish each element of the crime beyond a reasonable doubt 'is everyday business for the state courts, grist for their mill, and it will be a rare case in which a federal court on habeas will disagree with them.'" Cassell v. Lockhart, 886 F.2d 178, 179 (8th Cir. 1989) (quoted case omitted). Upon review of the entire record, the Court concludes the Missouri Court of Appeals' determination that Petitioner's appellate counsel was not ineffective for declining to make what it characterized as a meritless sufficiency of the evidence argument as to his second-degree murder conviction was not unreasonable. See Owens, 198 F.3d at 681; Harrington, 562 U.S. at 101. Consequently, the Court denies Petitioner's third ground for habeas relief.

## 4. Ground Four

Petitioner's final ground for habeas relief is that his appellate counsel was ineffective for failing to assert on direct appeal that the trial court erred in refusing to instruct the jury on the lesser included offense of involuntary manslaughter in the second degree as requested by trial counsel. (ECF No. 1 at 10.)

The Missouri Court of Appeals rejected this argument, as follows:

Movant's appellate counsel testified at the hearing that he did not believe raising such a claim would be meritorious because the trial court had given an instruction for involuntary murder in the first degree, and the jury had still convicted Movant of second-degree murder. "The failure to give a different lesser-included offense instruction is neither erroneous nor prejudicial when instructions for the greater offense and *one* lesser-included offense are given and the defendant

14

is found guilty of the greater offense." State v. Johnson, 284 S.W.3d 561, 575 (Mo. banc 2009) (citing State v. Glass, 136 S.W.3d 495, 515 (Mo. banc 2004)).

In State v. Meine, this Court considered this precedent in light of State v. Jackson. This Court held that, though error, the trial court's failure to instruct the jury regarding a *second* lesser-included offense did not prejudice the defendant where the trial court had instructed the jury on one lesser-included offense, yet the jury convicted the defendant of the greater offense. 469 S.W.3d 491, 496-97 (Mo. App. E.D. 2015) (citing Johnson, 284 S.W.3d at 575-76). This Court found Jackson distinguishable because there, the trial court had not given any instructions on lesser-included offenses. In Meine, the trial court had instructed the jury on both first-degree murder, requiring the jury to find the defendant acted knowingly, and first-degree involuntary manslaughter, requiring a finding of reckless conduct, and the jury convicted the defendant of first-degree murder. 469 S.W.3d at 494. Under the circumstances, Jackson notwithstanding, the defendant was not prejudiced by the trial court's refusal to instruct the jury on second-degree involuntary manslaughter, which would have required a finding of negligent conduct.

Here, in addition to the fact that State v. Jackson had not been handed down at the time of Movant's trial, Movant is similarly unable to show prejudice. The trial court instructed the jury on both second-degree murder and involuntary manslaughter in the first degree. The jury convicted Movant of second-degree murder, finding he acted with the purpose to cause serious physical injury, rather than recklessly. Movant was not prejudiced by the trial court's failure to give the jury the option of finding Movant acted negligently when they found purposeful conduct over reckless conduct. Thus, had Movant's appellate counsel raised this issue, it would not have been meritorious. See Wilson v. State, 383 S.W.3d 51, 52 Mo. App. E.D. 2012) (appellate counsel not ineffective for failing to appeal nonmeritorious point). The motion court did not clearly err in denying Movant's motion in this respect. Point denied.

(Resp. Ex. 15, ECF No. 8-15 at 9-11.)

Upon review of the entire record, the Court concludes the Missouri Court of Appeals' determination that Petitioner's appellate counsel was not ineffective for declining to make what it characterized as a meritless argument, and that no prejudice resulted to Petitioner as a result, was not unreasonable. See Owens, 198 F.3d at 681; Harrington, 562 U.S. at 101. Consequently, the Court denies Petitioner's fourth ground for habeas relief.

Accordingly,

IT **IS HEREBY ORDERED** that Petitioner Elex Murphy's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**.

IT **IS FURTHER ORDERED** that the Clerk of Court shall substitute Bill Stange and add Eric Schmitt as the proper Respondents in this action.

IT **IS FURTHER ORDERED** that Petitioner Murphy has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability.

A separate Judgment in accordance with this Memorandum and Order will be filed herewith.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of October, 2020.